David Quinto (State Bar No. 106232)
davidquinto@quinnemanuel.com
Eric D. Winston (State Bar No. 202407)
ericwinston@quinnemanuel.com
Rachel Appleton (State Bar No. 279207)
rachelappleton@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Defendant Quinn, Emanuel,
Urquhart & Sullivan, LLP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>PROJECT PLAYLIST, INC., a Delaware Corporation,<br><br>Debtor. | Chapter 11 (Jointly Administered)<br><br>Case No. 2:10-bk-42927-TD<br>Case No. 2:10-bk-42946-TD<br><br>Adv. Pro. Case No. 2:13-ap-01665-TD |
| In re:<br><br>PLAYLIST, INC.<br>__ Affects Project Playlist, Inc.<br>__ Affects Playlist, Inc.<br>__ Affects both,<br><br>Debtors. | **QUINN EMANUEL'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**<br><br>Fed. R. Civ. P. 12(b)(6);<br>Fed. R. Bankr. P. 7012<br><br>Hearing |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PROJECT PLAYLIST, INC. AND PLAYLIST, INC.<br>Plaintiff,<br>v.<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP, and DOES 1-25, inclusive,<br>Defendants. | Date:    September 4, 2013<br>Time:    11:00 a.m.<br>Place:    U.S. Bankruptcy Court<br>         Edward R. Roybal Federal Bldg.<br>         255 East Temple Street<br>         Courtroom 1345<br>         Los Angeles, CA 90012<br>Judge:   Hon. Thomas B. Donovan |

00811.18542/5492455.2

REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Birdsell v. U.S.W. Newvector Grp., Inc. (In re Cellular Express of Ariz., Inc.)*,
   275 B.R. 357 (Bankr. D. Ariz. 2002) ........................................................................... 3

*Foman v. Davis*,
   371 U.S. 178 (1962) ....................................................................................................... 2

*Markus v. Gschwend (In re Markus)*,
   313 F.3d 1146 (9th Cir. 2002) ...................................................................................... 3

*Screen Capital Int'l Corp. v. Participant Media, LLC (In re Thinkfilm, LLC)*,
   Adv. Pro. Case. No. 12-02334 ................................................................................. 2, 3

**Statutes/Rules**

Fed. R. Bankr. P. 7015 ............................................................................................................ 1

Fed. R. Civ. P. 7 ...................................................................................................................... 1

Fed. R. Civ. P. 12 .................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

Fed. R. Civ. P. 15(a)(1)(B) ...................................................................................................... 1

Quinn Emanuel Urquhart & Sullivan LLP ("QEUS"), the named defendant in the above-caption adversary proceeding, respectfully submits this Reply to the "Plaintiff's Response to Motion to Dismiss," filed by the Official Committee of Unsecured Creditors of Project Playlist, Inc. and Playlist, Inc. (the "Committee"). The Committee filed its Response in connection with QEUS's motion to dismiss (the "Dismissal Motion") the complaint filed by the Committee asserting avoidance of a single transfer as an actual fraudulent transfer, a constructive fraudulent transfer, and a preference.

## REPLY

The Dismissal Motion demonstrated that the Committee's Complaint, filed on the last possible day before expiration of the statute of limitations, was fatally deficient. The Dismissal Motion further requested that because of the Committee's conduct, dismissal of the Complaint should be with prejudice. Dismissal Motion at 9.

The Committee's Opposition does not address any of the merits of the Dismissal Motion. Effectively conceding that the complaint is deficient, the Committee asserts that it will file, by tomorrow, an amended complaint, which it argues it can do as a matter of right pursuant to Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15(a)(1)(B). The Committee further asserts that filing such an amended complaint moots the Dismissal Motion. There is no doubt that a new complaint would, by itself, be untimely; the Committee must demonstrate that it "relates back" to the original Complaint filed on the last day before expiration of the statute of limitations.

It is true that Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff, one time, to amend a complaint without first obtaining leave of court or the defendant's consent if filed within 21 days of service of a motion to dismiss under Federal Rule of Civil Procedure 12. But the Committee needs to amend a *complaint* within the meaning of Federal Rules of Civil Procedure 7 and 8. Merely labeling a document a "complaint" and filing something that does not remotely satisfy well-established pleading standards is insufficient.

Here, the Committee filed a complaint against QEUS that does not come close to satisfying the Supreme Court imposed pleading requirements. It did so on the last possible day before

expiration of the statute of limitations (extended by tolling agreement that the Committee failed to even mention in the complaint). The complaint against QEUS is virtually identical to numerous other complaints the Committee filed, meaning that the Committee was acting intentionally when it filed its deficient complaint against QEUS. The Committee has had years to examine and bring avoidance actions, having previously represented to this Court that it had undertaken an "extensive analysis" of avoidance actions. *See* Dismissal Motion at 1. Now, it wants a "do-over" when it should have gotten it right the first time, saving this Court and the debtors' estates time and expense.

The facts here are similar to the facts in the *In re Thinkfilm, LLC* case pending before Bankruptcy Judge Russell, Case No. LA10-19912-BR. Like the Committee here, the plaintiffs filed on the last possible day a bare bones complaint alleging avoidance actions. *See Screen Capital Int'l Corp. v. Participant Media, LLC (In re Thinkfilm, LLC)*, Adv. Pro. Case. No. 12-02334. The defendant filed a motion to dismiss and further requested that the plaintiff not be permitted leave to amend. The plaintiff argued that it intended to amend the complaint and that Rule 15(a)(1) permitted such an amendment. *See* Feb. 5, 2013 Tr. at 19.[1] Bankruptcy Judge Russell granted the motion to dismiss with prejudice, stating: "[a]nd as far as I understand the law – and maybe a higher court will tell me one way or the other, but it seems to be not consistent with the – as I understand the law – to relate back. There's nothing to relate back to." *Id.* at 22.

The ruling in *Thinkfilm* is consistent with the Supreme Court's admonition in *Foman v. Davis*, 371 US 178 (1962), which states that amendments should be freely given absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182. When a complaint filed on the last possible day knowingly falls so far short of the pleading requirements, an amendment to such a complaint does not "relate back" – either the plaintiff acted

---

[1] A copy of the February 5, 2013 hearing transcript in the *Screen Capital Int'l Corp. v. Participant Media, LLC (In re Thinkfilm, LLC)*, Adv. Pro. Case. No. 12-02334, is attached hereto as Exhibit "A".

in bad faith or with a dilatory motive when it first filed the complaint, or the amendment is deemed futile. *See Markus v. Gschwend (In re Markus)*, 313 F.3d 1146, 1151 (9th Cir. 2002) (the initial complaint must "substantially comply with Rule 8(a)" to provide a basis for relation back); *see also Birdsell v. U.S.W. Newvector Grp., Inc. (In re Cellular Express of Ariz., Inc.)*, 275 B.R. 357, 363-64 (Bankr. D. Ariz. 2002) (denying amendment when original complaint, which merely recited statutory elements, did not suffice as a complaint).

QEUS respectfully submits this Court should reach the same conclusion Bankruptcy Judge Russell reached in *Thinkfilm*. Even if the Committee were to amend tomorrow pursuant to Rule 15(a)(1), that amendment would still have to "relate back" to a timely filed complaint that at least made some attempt to satisfy Rule 8. The complaint filed on July 3, 2013 was not a legitimate complaint filed in good faith with a view towards compliance with Rule 8. This Court should not permit "do overs."

## CONCLUSION

For the reasons set forth in the Dismissal Motion and herein, QEUS respectfully requests that this Court grant the Dismissal Motion and dismiss the Committee's complaint with prejudice.

DATED: August 28, 2013    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ Eric D. Winston

David Quinto (State Bar No. 106232)
davidquinto@quinnemanuel.com
Eric D. Winston (State Bar No. 202407)
ericwinston@quinnemanuel.com
Rachel Appleton (State Bar No. 279207)
rachelappleton@quinnemanuel.com

Attorneys for Defendant Quinn, Emanuel, Urquhart & Sullivan, LLP