Roger F. Friedman (State Bar No. 186070)
rfriedman@rutan.com
Caroline R. Djang (State Bar No. 216313)
cdjang@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for the
Official Committee of Unsecured Creditors of
Project Playlist, Inc. and Playlist, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PROJECT PLAYLIST, INC., a Delaware Corporation, | Chapter 11 (Jointly Administered)<br><br>Case No. 2:10-bk-42927-TD<br>Case No. 2:10-bk-42946-TD |
| In re:<br><br>PLAYLIST, INC.<br><br>___ Affects Project Playlist, Inc.<br>___ Affects Playlist, Inc.<br>_x_ Affects both,<br><br>Debtors. | Adversary No. 2:13-ap-01665<br><br>**FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFER** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PROJECT PLAYLIST, INC. AND PLAYLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP, and DOES 1-25, inclusive,<br><br>Defendants. | |

Plaintiff, The Official Committee of Unsecured Creditors of Project Playlist, Inc. and Playlist, Inc. (the "Plaintiff"), for its first amended complaint against Defendant Quinn Emanuel Urquhart & Sullivan, LLP (the "Defendant") and Does 1-25, inclusive, hereby alleges as follows:

## PRELIMINARY STATEMENT

1.     By this Complaint, Plaintiff seeks to avoid, preserve, and recover certain prepetition fraudulent and/or preferential transfers of interests in property of Playlist, Inc.'s ("Playlist") bankruptcy estate. As set forth in detail below, on August 4, 2010, just two days before Playlist's petition date, *i.e.* August 6, 2010 (the "Petition Date"), Playlist paid $50,000 to Defendant by electronic funds transfer for legal services rendered on behalf of Playlist's *individual directors and officers*, and not on behalf of Playlist, to the significant detriment of Playlist's creditors (the "Transfer").

2.     Plaintiff is informed and believes, and based thereon alleges, that Defendant did not provide reasonably equivalent value, or any value, in exchange for the Transfer.

3.     Plaintiff is informed and believes, and based thereon alleges, that Playlist made the Transfer with the actual intent to hinder, delay, or defraud creditors by paying an obligation of its individual directors and officers at the instruction of one or more of them, to the significant detriment of Playlist's creditors.

4.     Plaintiff is informed and believes, and based thereon alleges, that as of the date of the Transfer, Playlist was insolvent or was rendered insolvent as a result of the Transfer.

5.     Additionally, Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made within 90 days prior to the Petition Date, on account of an antecedent debt, while Playlist was insolvent, which Transfer enabled the Defendant to receive more than Defendant would have received in a hypothetical Chapter 7 case had the Transfer not occurred.

6.     As set forth in detail below, the Transfer is avoidable by Plaintiff under applicable federal and state law.

Rutan & Tucker, LLP
attorneys at law

1    7.    By this Complaint, Plaintiff seeks a judgment of this Court avoiding and

2  preserving the Transfer in its entirety, and ordering Defendant to repay Playlist's

3  bankruptcy estate for the Transfer.

4                                    **PARTIES**

5    8.    Plaintiff is the Official Committee of Unsecured Creditors of Playlist, Inc.

6  and Playlist, Inc. (the "Debtors").  Plaintiff does not have personal knowledge of the facts

7  alleged in this Complaint and therefore alleges those facts on information and belief.

8    9.    Defendant Quinn Emanuel Urquhart & Sullivan, LLP is now, and at all times

9  relevant hereto was, a New York limited liability partnership doing business in Los

10  Angeles, California.

11    10.    Plaintiff is ignorant of the true names and capacities of defendants sued

12  herein as Does 1 through 25, inclusive, and therefore, sues these defendants by such

13  fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each

14  fictitiously named defendant is in some manner legally responsible for the events,

15  omissions, occurrences, and damages caused to Plaintiff as alleged in this Complaint.

16  Plaintiff will amend this Complaint to allege the true names and capacities of the

17  fictitiously named defendants after those names and capacities are ascertained.

18                    **STATEMENT OF JURISDICTION AND PROCEEDINGS**

19    11.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

20  §§ 157(b)(1) and 1334(a) in that this proceeding arises under title 11 of the United States

21  Code (the "Bankruptcy Code").  This matter is a core proceeding pursuant to 28 U.S.C.

22  § 157(b)(2) (A), (B), (F), (H), and (O).

23    12.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a),

24  in that this is a civil proceeding arising in and/or related to the Debtors' Chapter 11 cases,

25  *In re Project Playlist, Inc.* and *In re Playlist, Inc.*, bearing Bankruptcy Case Nos. 2:10-bk-

26  42927-TD and 2:10-bk-42946-TD, respectively, currently pending in the Los Angeles

27  Division of the United States Bankruptcy Court for the Central District of California (the

28  "Bankruptcy Court").

Rutan & Tucker, LLP
*attorneys at law*

2562/028512-0010
6086955.3 a08/29/13                                    -2-

1    13.    This Complaint seeks to recover for the benefit of Playlist's bankruptcy

2  estate property fraudulently and/or preferentially transferred by Playlist to the Defendant.

3    14.    Plaintiff has standing to bring this Complaint pursuant to the Stipulation to

4  Assign From the Debtors to the Official Committee of Unsecured Creditors All Rights To

5  Pursue, Prosecute, and Settle Avoidance Actions, dated June 29, 2012, and filed with the

6  Bankruptcy Court on July 3, 2012 [Docket No. 271] (the "Stipulation"), and the Order

7  Approving the Stipulation, filed and entered by the Court on July 10, 2012 [Docket No.

8  273].

9                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10    15.    The Debtors' business was formed for the purpose of providing widgets to

11  social networking websites to allow music to be placed on the websites.

12    16.    The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy

13  Code on the Petition Date.

14    17.    Defendant received the Transfer before the Debtors filed for bankruptcy, and

15  that Transfer is avoidable as both/either preferential and/or fraudulent under the

16  Bankruptcy Code and under the California Civil Code as set forth below.  The exact

17  amount and date of the Transfer is detailed in the "Schedule of Transfer," attached herein

18  as Exhibit "A."

19    18.    To the extent the Transfer reflected in Exhibit "A" was made between 90

20  days and one year before the Petition Date, Defendant at such time of transfer was an

21  insider as defined by 11 U.S.C. § 101.

22    19.    Plaintiff is informed and believes, and based thereon alleges, that the

23  Transfer was made to Defendant in payment of legal services rendered by Defendant,

24  between April 2010 and August 2010, to Playlist's individual directors and officers, Paul

25  Gardi, Robert Zangrillo, Robert Pittman, and John Sykes, in their individual capacities as

26  directors and officers of Playlist.

27    20.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

28  used the names "Playlist" and "Project Playlist" interchangeably.

Rutan & Tucker, LLP
attorneys at law

2562/028512-0010
6086955.3 a08/29/13

1      21.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

2  consistently referred to its client as the "individual board members" of Playlist, and not

3  Playlist itself, in various written communications, including invoices generated by

4  Defendant dated May 21, 2000 (REVISED August 5, 2010), June 11, 2010, July 14, 2010

5  (REVISED August 5, 2010), and September 16, 2010.

6      22.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

7  revised its invoices in August of 2010 for the specific purpose of allotting certain services

8  to Playlist's individual board members.

9      23.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

10  admitted in writing on July 21, 2011, that the advice provided by Defendant was to the

11  "board of directors for Playlist," and not Playlist, itself.  Specifically, Defendant asserted

12  in a Memorandum to "Project Playlist Board of Directors" from Defendant, regarding

13  "Subject of Consultancy" that "This memorandum shall summarize Quinn Emanuel

14  Urquhart & Sullivan LLP's (the "Firm") retention and advice provided to the board of

15  directors for Project Playlist."

16      24.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

17  admitted in writing on November 16, 2011 to its knowledge of Playlist's insolvency.

18  Specifically, Brian Timmons, a partner of Defendant, wrote in an email to Paul Gardi,

19  dated November 16, 2011, "The purpose of our engagement was to assess the potential

20  legal exposure of the individual board members during the spring and summer of 2010 and

21  to develop some strategies to help them avoid potential exposure amidst the company's

22  legal challenges at the time and **imminent descent into insolvency**" (emphasis added).

23      25.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

24  admitted in writing on November 16, 2011, that the purpose of Defendant's engagement

25  was to perform legal services for the individual board members of Playlist.  Specifically,

26  Brian Timmons, a partner of Defendant, wrote in an email to Paul Gardi, dated

27  November 16, 2011, "The purpose of our engagement was to assess the potential legal

28  exposure **of the individual board members** during the spring and summer of 2010 **and to**

1  **develop some strategies to help them avoid potential exposure** amidst the company's

2  legal challenges at the time and imminent descent into insolvency" (emphasis added).

3        26.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

4  admitted in writing on November 16, 2011, that the individual board members of Playlist

5  were Defendant's clients, and not Playlist.  Specifically, Brian Timmons, a partner of

6  Defendant, wrote in an email to Paul Gardi, dated November 16, 2011, **"You and your**

7  **fellow board members were our clients – not Project Playlist, Inc"** (emphasis added).

8        27.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

9  admitted in writing on November 29, 2011, that the services Defendant provided were not

10  for Playlist.  Specifically, Brian Timmons, a partner of Defendant, wrote in an email to

11  Paul Gardi, dated November 29, 2011, **"I don't know how you could have possibly**

12  **believed the services being provided were for the company.  From the very first**

13  **discussion, the stated purpose of the engagement was to assess the potential for**

14  **personal liability.**  The fact that the purpose of the engagement was to address the

15  potential personal liability and obligations of the directors was also obvious given the

16  nature of the services we were rendering..." (emphasis added).

17        28.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

18  admitted in writing on November 29, 2011, that Playlist was not the intended beneficiary

19  of Defendant's services, which were paid by the Transfer.  Specifically, Brian Timmons, a

20  partner of Defendant, wrote in an email to Paul Gardi, dated November 29, 2011, **"the**

21  **assertion that the company (and not you as an individual director) was the intended**

22  **beneficiary of our services simply won't stack up against the weight of evidence to the**

23  **contrary"** (emphasis added).

24        29.    Plaintiff is informed and believes, and based thereon alleges, that after the

25  Petition Date, Defendant pursued collection of its remaining unpaid fees and costs against

26  the individual directors and officers of Playlist – Paul Gardi, Robert Zangrillo, Robert

27  Pittman, and John Sykes – in their individual capacities.

28        30.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

1    did not file a proof of claim against either of the Debtors.

2        31.     Plaintiff is informed and believes, and based thereon alleges, that

3 Defendant's collection efforts against the individual directors and officers of Playlist

4 included arbitration against the individual directors and officers of Playlist.

5        32.     Plaintiff is informed and believes, and based thereon alleges, that Defendant

6 filed an arbitration proceeding seeking payment of its remaining unpaid fees and costs

7 against only the individual directors and officers of Playlist, and not against either of the

8 Debtors.

9        33.     Plaintiff is informed and believes, and based thereon alleges, that Defendant

10 prevailed in its arbitration proceeding against the individual directors and officers of

11 Playlist, based on Defendant's argument that payment for the services Defendant

12 performed were the responsibility of Playlist's individual directors and officers, and not

13 the responsibility of Playlist.

14        34.     Plaintiff is informed and believes, and based thereon alleges, that on June 7,

15 2013, Defendant sent a "reservation of rights" letter to Paul Gardi, Robert Zangrillo,

16 Robert Pittman, and John Sykes – the individual officers and directors of Playlist – stating

17 that if Plaintiff prevails in this adversary proceeding, "we hereby reserve our rights to seek

18 that amount [$50,000] from each of you **in your individual capacities**, consistent with the

19 decision of the arbitration panel, **in satisfaction of the balance due on your account.**"

20 **FIRST CLAIM FOR RELIEF**

21 **(AVOIDANCE OF PREFERENTIAL TRANSFERS AGAINST**

22 **DEFENDANT 11 U.S.C. § 547(b))**

23        35.     Plaintiff repeats and realleges the allegations in above paragraphs 1 through

24 34, inclusive, as though fully set forth herein.

25        36.     During the 90-day period prior to the Petition Date (one year for insiders),

26 the Debtors made the Transfer of the Debtors' property (the "Property") to the Defendant

27 totaling the amount reflected in Exhibit "A" and such additional sums as may be evidenced

28 at trial.

Rutan & Tucker, LLP
*attorneys at law*

1    37.    The Transfer was to or for the benefit of the Defendant.

2    38.    The Transfer was for or on account of antecedent debts owed by one or both

3 of the Debtors to the Defendant before the Transfer were made.

4    39.    The Transfer was made to the Defendant while the Debtors were insolvent.

5    40.    The Transfer was made to the Defendant within 90 days (one year for

6 insiders) prior to the Petition Date.

7    41.    The Transfer enabled the Defendant to recover more than the Defendant

8 would have received if: (a) the case was a case under Chapter 7 of the Bankruptcy Code;

9 (b) the Transfer had not been made; and (c) Defendant received payment of the debt to the

10 extent provided by the provisions of the Bankruptcy Code.

11    42.    By reason of the foregoing, the Transfer should be avoided and set aside as

12 preferential pursuant to 11 U.S.C. § 547(b).

13 **SECOND CLAIM FOR RELIEF**

14 **(AVOIDANCE OF FRAUDULENT TRANSFER AGAINST DEFENDANT**

15 **(ACTUAL FRAUD) [11 U.S.C.§ 548(a)(1)(A)])**

16    43.    Plaintiff repeats and realleges the allegations in above paragraphs 1 through

17 42, inclusive, as though fully set forth herein.

18    44.    Within the two years prior to the Petition Date, the Debtors made the

19 Transfer to the Defendant totaling the amount reflected in Exhibit "A" and such additional

20 sums as may be evidenced at trial.

21    45.    The Transfer was a transfer of the Debtors' Property.

22    46.    The Transfer was made with the actual intent to hinder, delay, or defraud

23 creditors of the Debtors.

24    47.    At the time of the Transfer and thereafter, the Debtors had creditors.

25    48.    The Transfer is avoidable as a fraudulent transfer pursuant to 11 U.S.C.

26 § 548(a)(1)(A).

27 **THIRD CLAIM FOR RELIEF**

28 **(AVOIDANCE OF FRAUDULENT TRANSFER AGAINST DEFENDANT**

Rutan & Tucker, LLP
*attorneys at law*

2562/028512-0010
6086955.3 a08/29/13    -7-

1  **(ACTUAL FRAUD) [11 U.S.C.§ 544 and California Civil Code §§ 3439.04(a)(1) and**

2  **3439.07])**

3      49.    Plaintiff repeats and realleges the allegations in above paragraphs 1 through

4  48, inclusive, as though fully set forth herein.

5      50.    Within the four years prior to the Petition Date the Debtors made the

6  Transfer to the Defendant totaling the amount reflected in Exhibit "A" and such additional

7  sums as may be evidenced at trial.

8      51.    The Transfer was a transfer of the Debtors' Property.

9      52.    The Transfer was made with the actual intent to hinder, delay, or defraud

10  creditors of the Debtors.

11      53.    At the time of the Transfer and thereafter, the Debtors had creditors.

12      54.    The Transfer is avoidable as a fraudulent transfer pursuant to 11 U.S.C. §

13  544 and Civil Code §§ 3439.04(a)(1) and 3439.07.

14              **FOURTH CLAIM FOR RELIEF**

15  **(AVOIDANCE OF FRAUDULENT TRANSFERS AGAINST DEFENDANT**

16  **(CONSTRUCTIVE FRAUD) [11 U.S.C. § 544 and California Civil Code**

17  **§§ 3439.04(a)(2) or 3439.05 and 3439.07])**

18      55.    Plaintiff repeats and realleges the allegations in above paragraphs 1 through

19  54, inclusive, as though fully set forth herein.

20      56.    Within the four years prior to the Petition Date, the Debtors made the

21  Transfer to the Defendant totaling the amount reflected in Exhibit "A" and such additional

22  sums as may be evidenced at trial.

23      57.    Plaintiff is informed and believes that by the Transfer, the Debtors paid a

24  debt for which the Debtors' officers and/or directors were liable, but not a debt for which

25  the Debtors were liable.

26      58.    Plaintiff is further informed and believes that after Playlist made the Transfer

27  to Defendant, an account balance remained.  Plaintiff also is informed and believes that

28  Defendant filed an arbitration against one or more of Playlist's officers and/or directors for

1  recovery of the account balance, and Defendant asserted during the arbitration and

2  prevailed on the theory that it performed services on behalf of the individual officers

3  and/or directors of Playlist, but not on behalf of Playlist.

4      59.    Plaintiff is informed and believes, and based thereon alleges, that the

5  Transfer was made at a time when Playlist's liabilities exceeded its assets and/or when

6  Playlist was not generally paying its debts as they became due.

7      60.    The Transfer was made without the Debtors receiving a reasonably

8  equivalent value in exchange for such transfer and: (i) at a time when the Debtors were

9  engaged or were about to engage in a business or a transaction for which the remaining

10  assets of the Debtors were unreasonably small in relation to the business or transaction;

11  (ii) at a time when the Debtors intended to incur, or believed or reasonably should have

12  believed that the Debtors would incur, debts beyond Debtors' ability to pay as they became

13  due; or (iii) at a time when the Debtors were insolvent or as a result of which the Debtors

14  became insolvent.

15      61.    The Transfer is avoidable as a fraudulent transfer pursuant to 11 U.S.C.

16  § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

17  **FIFTH CLAIM FOR RELIEF**

18  **(AVOIDANCE OF FRAUDULENT TRANSFERS AGAINST DEFENDANT**

19  **(CONSTRUCTIVE FRAUD) [11 U.S.C.§ 548(a)(1)(B)])**

20      62.    Plaintiff repeats and realleges the allegations in above paragraphs 1 through

21  61, inclusive, as though fully set forth herein.

22      63.    Within the two years prior to the Petition Date, the Debtors made the

23  Transfer to the Defendant totaling the amount reflected in Exhibit "A" and such additional

24  sums as may be evidenced at trial.

25      64.    Plaintiff is informed and believes that by the Transfer, the Debtors paid a

26  debt for which the Debtors' officers and/or directors were liable, but not a debt for which

27  the Debtors were liable.

28      65.    Plaintiff is further informed and believes that after Playlist made the Transfer

Rutan & Tucker, LLP
*attorneys at law*

2562/028512-0010
6086955.3 a08/29/13

1  to Defendant, an account balance remained.  Plaintiff also is informed and believes that

2  Defendant filed an arbitration against one or more of Playlist's officers and/or directors for

3  recovery of the account balance, and Defendant asserted during the arbitration and

4  prevailed on the theory that it performed services on behalf of the individual officers

5  and/or directors of Playlist, but not on behalf of Playlist.

6       66.    The Transfer was made without the Debtors receiving a reasonably

7  equivalent value in exchange for such Transfer; and: (i) at a time when the Debtors were

8  insolvent or as a result of which the Debtors became insolvent; (ii) at a time when the

9  Debtors were engaged in a business or a transaction, or were about to engage in a business

10  or a transaction, for which any property remaining with the Debtors was an unreasonably

11  small capital; (iii) at a time when the Debtors intended to incur, or believed or should

12  reasonably have believed that the Debtors would incur, debts beyond the Debtors' ability

13  to pay as such debts matured, or (iv) the Transfer was made to or for the benefit of an

14  insider under an employment contract and not in the ordinary course of business.

15       67.    Plaintiff is informed and believes, and based thereon alleges, that the

16  Transfer was made at a time when Playlist's liabilities exceeded its assets and/or when

17  Playlist was not generally paying its debts as they became due.

18       68.    The Transfer is avoidable as a fraudulent transfer pursuant to 11 U.S.C.

19  § 548(a)(1)(B).

20  **SIXTH CLAIM FOR RELIEF**

21  **(RECOVERY OF AVOIDED TRANSFERS AGAINST**

22  **DEFENDANT [11 U.S.C. § 550(a)(1) and (2)])**

23       69.    Plaintiff repeats and realleges the allegations in above paragraphs 1 through

24  68, inclusive, as though fully set forth herein.

25       70.    Within the two years prior to the Petition Date, the Debtors made the

26  Transfer to the Defendant totaling the amount reflected in Exhibit "A" and such additional

27  sums as may be evidenced at trial.

28       71.    As alleged above, the Transfer is avoidable as both/either preferential and/or

1  fraudulent pursuant to 11 U.S.C. §§ 544, 547, 548(a)(1)(A) and/or 548(a)(1)(B).

2    72. The Defendant is the initial transferee of the Transfer or the person or entity

3  for whose benefit the Transfer was made.

4    73. To the extent that the Defendant is not the initial transferee of the Transfer,

5  the Defendant is the immediate or mediate transferee of the initial transferee of the

6  Transfer.

7    74. To the extent that the Defendant is the immediate or mediate transferee of the

8  Transfer, the Defendant did not take the Transfer in good faith, for reasonably equivalent

9  value, and without knowledge of the voidability of such Transfer.

10    75. The Transfer is recoverable from the Defendant as the initial transferee, or

11  the immediate or mediate transferee of the Debtors, pursuant to 11 U.S.C. §550.

12  <strong>SEVENTH CLAIM FOR RELIEF</strong>

13  <strong>(RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT [11 U.S.C.</strong>

14  <strong>§ 544 and California Civil Code §§ 3439.07 and 3439.08])</strong>

15    76. Plaintiff repeats and realleges the allegations in above paragraphs 1 through

16  75, inclusive, as though fully set forth herein.

17    77. Within the four years prior to the Petition Date, the Debtors made the

18  Transfer to the Defendant totaling the amount reflected in Exhibit "A" and such additional

19  sums as may be evidenced at trial.

20    78. As alleged above, the Transfer is avoidable as fraudulent pursuant to 11

21  U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) or (a)(2) or 3439.05 and 3439.07.

22    79. The Defendant is the first transferee of the Transfer or the person or entity

23  for whose benefit the Transfer were made.

24    80. To the extent that the Defendant is not the initial transferee of the Transfer,

25  the Defendant is a subsequent transferee and not a good faith transferee.

26    81. The Transfer is recoverable from the Defendant as the initial transferee, or

27  the subsequent transferee, of the Debtors pursuant to 11 U.S.C. § 544 and California Civil

28  Code §§ 3439.07 and 3439.08.

Rutan & Tucker, LLP
*attorneys at law*

2562/028512-0010
6086955.3 a08/29/13

### EIGHTH CLAIM FOR RELIEF

### (OBJECTIONS TO DEFENDANT'S CLAIM(S) AND DISALLOWANCE OF

### CLAIM(S) AGAINST DEFENDANT [11 U.S.C. § 502(d)])

82.    Plaintiff repeats and realleges the allegations in above paragraphs 1 through 81, inclusive, as though fully set forth herein.

83.    As alleged above, Defendant is liable under section 550 of the Bankruptcy Code.

84.    Defendant has not paid the amount, or turned over the property, for which Defendant is liable under section 550 of the Bankruptcy Code.

85.    To the extent that Defendant asserts a claim or claims against the Debtors' estates, pursuant to 11 U.S.C. § 502(d), Defendant's claim or claims filed against the Debtors' estates must be disallowed unless and until Defendant has paid the amount, or turned over the property, for which Defendant is liable under section 550 of the Bankruptcy Code.

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant as follows:

1.    On the First Claim for Relief, for a judgment avoiding the Transfer pursuant to 11 U.S.C. § 547(b).

2.    On the Second Claim for Relief, for a judgment avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A).

3.    On the Third Claim for Relief, for a judgment avoiding the Transfer pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07.

4.    On the Fourth Claim for Relief, for a judgment avoiding the Transfer pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

5.    On the Fifth Claim for Relief, for a judgment avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

6.    On the Sixth Claim for Relief, for a judgment to recover the Transfer

1  pursuant to 11 U.S.C. § 550(a)(1) and (2).

2      7.    On the Seventh Claim for Relief, for a judgment to recover the Transfer

3  pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.07 and 3439.08.

4      8.    On the Eighth Claim for Relief, to the extent that Defendant asserts a claim

5  or claims against the Debtors' estates, for disallowance of Defendant's claim(s) to the

6  Debtors' Property pursuant to 11 U.S.C. § 502(d) pending payment by Defendant of any

7  avoidable and recoverable transfer.

8      9.    On all claims for relief, that the Plaintiff be awarded all costs and

9  attorney's fees incurred in connection with this action.

10     10.    For interest on all sums due and payable as authorized by law.

11     11.    On all claims for relief, for such other and further relief as the Court may

12  deem appropriate and just.

13  Dated: August 29, 2013                    RUTAN & TUCKER, LLP
14                                            ROGER F. FRIEDMAN
                                              CAROLINE R. DJANG
15

16

17                                   By:    /s/ Caroline R. Djang
                                            Caroline R. Djang
18                                          Attorneys for Official Committee of
                                            Unsecured Creditors of Project Playlist,
19                                          Inc. and Playlist, Inc.

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

# EXHIBIT A

## EXHIBIT A

| Date | Number | Name | Amount |
|------|--------|------|--------|
| 08/04/10 | | Quinn Emanuel Urquhart & Sullivan, LLP | $50,000.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
611 Anton Blvd., Ste. 1400, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 29, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Caroline Djang cdjang@rutan.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Eric D Winston ericwinston@quinnemanuel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) August 29, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Thomas B. Donovan
United States Bankruptcy Court
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 29, 2013 | Cecilia Solórzano | /s/ Cecilia Solórzano |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**